**Russell K. Ryan # 139835**
**MOTSCHIEDLER, MICHAELIDES, WISHON,**
**BREWER & RYAN, LLP**
**1690 West Shaw Avenue, Suite 200**
**Fresno, California 93711**
**Telephone (559) 439-4000**
**Facsimile (559) 439-5654**

Attorneys for Defendant COMMUNITY
ACTION PARTNERSHIP OF MADERA COUNTY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINA GURROLA, MARQUELIA APONTE, MERCEDES JIMENEZ, MARIA C. ASCENCIO, MAURA GOMEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY ACTION PARTNERSHIP OF MADERA COUNTY, a government entity, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 1:17-cv-01569-LJO-BAM<br><br>**STIPULATION AND ORDER REGARDING AMENDMENT OF SCHEDULING ORDER** |

Plaintiffs Lucina Gurrola, Marquelia Aponte, Mercedes Jimenez, Maria C. Ascencio and Maura Gomez ("**Plaintiffs**") and Defendant Community Action Partnership of Madera County ("**CAPMC**"), by and through their respective counsel of record, hereby STIPULATE AND AGREE as follows:

    1.    The deposition of the designated person(s) most knowledgeable of CAPMC pursuant to Federal Rules of Court Rule 30(b)(6) shall have scheduling priority over the depositions sought by Defendant and shall commence on July 23, 2019 and continue through at least July 25, 2019, with additional days scheduled as may be requested by counsel for plaintiffs. The designated persons that will be made available for the Rule 30(b)(6) deposition(s) are: (a) Mattie Mendez (current Executive Director

and Executive Director at the time of the separation of employment of the plaintiffs and Head Start Director during the relevant time periods of the implementation of the English Essentials Policy); (b) Irene Yang (Director of Human Resources during time of the employment separation of the plaintiffs and involved in the interpretation and implementation of the English Essentials Policy during her tenure); (c) Maritza Rodriguez (Head Start Director during time of employment separation and employed at CAPMC in the Head Start program during the relevant time periods); and (d) Donna Tooley (Chief Financial Officer and part of management team at the relevant time periods of the implementation of English Essentials Policy and employment separation of the plaintiffs).

2. IT IS FURTHER STIPULATED between the parties that trial related dates be continued approximately 90 days and scheduled as follows:

| | | | |
|---|---|---|---|
| A. | Expert Disclosure: | | January 15, 2020 |
| B. | Supplemental Expert Disclosure: | | February 14, 2020 |
| C. | Non-Expert Discovery Cutoff: | | January 10, 2020 |
| D. | Expert Discovery Cutoff: | | March 24, 2020 |
| E. | Pretrial Motion Filing Deadline: | | March 1, 2020 |

The parties propose that the pre-trial conference and trial shall likewise be continued for 90 days as follows:

    A.    Pretrial Conference:    February 12, 2010
                                                      9:00 a.m.
                                                      Dept: 4 (LJO)

    B.    Trial                               July 7, 2020
                                                       8:30 a.m.
                                                       Dept: 4 (LJO)

The reason for the continuance of these dates is to accommodate counsel for CAPMC as he continues his ongoing recovery from his catastrophic injuries (and subsequent incapacity for several months) and the associated continuances of trials and related matters resulting from the incapacity and subsequent recovery.

Further, the parties have identified more than 40 potential witnesses in the Rule 26 Disclosure Statements for possible deposition, including the potential of out-of-state depositions.

Dated: June 26, 2019

MOTSCHIEDLER, MICHAELIDES, WISHON, BREWER & RYAN, LLP

By: /s/Russell K. Ryan
Russell K. Ryan, Attorneys for Defendant Community Action Partnership of Madera County

Dated: June 26, 2019

LANG, RICHERT & PATCH

By: /s/Charles Trudrung Taylor
Charles Trudrung Taylor, Attorneys for Plaintiffs

# ORDER

Having reviewed the parties' stipulation, the Court DENIES their request to modify the Scheduling Order in this action without prejudice as the parties have failed to make an adequate showing of good cause for the requested modification. Fed. R. Civ. P. 16(b). The parties have not established why further extensions of all applicable deadlines in excess of ninety days are necessary in addition to the lengthy extensions which the Court previously granted on the basis of counsel for Defendant's incapacity. (Doc. No. 36.) Furthermore, the number of potential witnesses identified in the parties' Initial Disclosures for possible deposition does not establish good cause for modification of the Scheduling Order, as Federal Rule of Civil Procedure 30(a)(2) limits the parties to ten depositions each absent a stipulation or leave of Court.

IT IS SO ORDERED.

Dated: **July 2, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE